**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4483

JAMES SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James C. Turk, District Judge.
(CR-98-32)

Submitted: January 25, 2000

Decided: February 11, 2000

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Jay Kenneth Wilk, Woodstock, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Bruce A. Pagel, Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

James Smith pled guilty to two counts of distributing cocaine base (crack), see 21 U.S.C. § 841(a) (1994), and received a term of 108 months imprisonment. He appeals his sentence, arguing that the district court plainly erred in sentencing him within the guideline range despite the government's decision not to move for a substantial assistance departure. See U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1998). He also asserts that the district court erred in failing to find that his poor health warranted a departure. We affirm in part and dismiss in part.*

At the sentencing hearing, the government informed the district court that it would not move for a substantial assistance departure because Smith had not cooperated. Smith's attorney did not object, although Smith now alleges that he provided extensive information to authorities. Because the plea agreement did not promise a substantial assistance motion in return for substantial assistance, the district court could not depart without a government motion unless the government's refusal to move for a departure was based on an unconstitutional motive or was not rationally related to a legitimate government purpose. See Wade v. United States, 504 U.S. 181, 184-87 (1992);

_____

*The government suggests that the appeal should be dismissed because the plea agreement contains a waiver of appeal rights. Although the district court mentioned this provision at the Fed. R. Crim. P. 11 hearing, it did not do so until after Smith's guilty plea had been accepted. We have held that a waiver of appeal rights cannot be knowing and voluntary unless the district court specifically questions the defendant about the waiver provision during the Rule 11 colloquy or the record otherwise indicates that the defendant understood the significance of the waiver. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Without deciding whether the waiver is valid, we will address the issues Smith raises on the merits.

2

United States v. Maddox, 48 F.3d 791, 795 (4th Cir. 1995) (following Wade); see also United States v. Schaefer , 120 F.3d 505, 508 (4th Cir. 1997) (same). Smith did not allege any unconstitutional motive or other improper purpose. Consequently, the district court was without authority to depart below the guideline range and did not err in imposing a sentence within the range.

The district court was aware that Smith had recently had surgery for cancer, but chose not to depart. Its discretionary decision is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). Therefore, this portion of the appeal must be dismissed for lack of jurisdiction. Id.

We therefore affirm the sentence, but dismiss that portion of the appeal that challenges the district court's decision not to depart based on Smith's ill health. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART